## JONATHAN WARREN *vs.* AMASA COPELIN.

By the law of Connecticut, an assignment of a chose in action takes effect, as to the
process of foreign attachment, from the time of notice given to the debtor that an
assignment has been made, and not from the time of the assignment. If, therefore,
a debtor is summoned as garnishee of the creditor, after an assignment, but before
he has notice thereof, he will be charged.

In a suit brought in this Commonwealth by the indorsee against the maker of a prom-
issory note, given in Connecticut by one citizen of that State to another. and there
indorsed to a citizen of this Commonwealth, which note is negotiable by our law,
but not by the law of Connecticut, it is a good defence for the maker, that he was
summoned in a process of foreign attachment in Connecticut, as garnishee of the
payee, before he had notice of the indorsement, and paid the amount of the note on
an execution which issued on a judgment rendered in that process.

ASSUMPSIT on a promissory note made by the defendant for

---

* See *Mooney* v. *Maynard*, 1 Verm. 470, where it was held that the statutes
of Vermont had altered the common law on this subject

$ 23·33, dated April 15th 1837, payable to Jonathan G. Weth-
erby or order, on demand with interest, and by him indorsed.

The case was submitted to the court on the following facts
agreed :   The note in suit was made, on the day it bears date,
at Thompson, in the State of Connecticut, where the maker
and payee then resided.   On the same day, said Wetherby, the
payee, indorsed the note in blank, at said Thompson, and then
and there delivered it to Leonard S. Wheelock of Grafton in
this Commonwealth, in part payment of a debt due from him to
said Wheelock.   During the night of said day, said Wetherby
and his family left Thompson, and removed to Shrewsbury in
this Commonwealth, where he afterwards resided.   On the 17th
of said April, the defendant was summoned as garnishee of said
Wetherby, in three suits, brought before a justice of the peace
in Connecticut, by citizens of that State.   On the 22d of said
April, said Wheelock gave the defendant notice that the note
had been indorsed to him, and demanded payment thereof ; and
this was the first notice which the defendant had of said indorse-
ment.   The defendant then informed Wheelock that he had
been summoned as garnishee of Wetherby.   Said note was the
only debt which the defendant owed Wetherby, at the time of
the service of the process of foreign attachment.   The defend-
ant did not appear in said suits in which he was summoned as
garnishee, and judgments were entered, and executions issued
against said Wetherby and the defendant, in the form prescribed
by the law of Connecticut ; upon which executions the defendant
paid the amount of the said note.

On the second or third day after Wheelock demanded pay-
ment of said note, as aforesaid, he sold and delivered the same
to the plaintiff, who was ignorant of the aforesaid suits.   The
plaintiff has paid to said Wheelock the amount of said note ; but
before he paid the amount in full, he was informed by said
Wetherby that the defendant had been summoned in the afore-
said suits, on account of said note.   The plaintiff afterwards,
to wit, on the 2d of May 1837, called upon the defendant and
demanded payment of said note.

It was agreed by the parties, that the laws of Connecticut,

" so far as they are competent in the case," might be proved by the printed statutes and reported decisions of the supreme court of errors of the State ; and that the plaintiff should become nonsuit, or the defendant be defaulted, as the court should decide on the foregoing facts.

*Washburn*, for the plaintiff. By the law of Connecticut, promissory notes, to the amount of $35 or more, payable to any person or his order, or to the bearer, are assignable and negotiable according to the custom of merchants ; but all notes for a less sum are not so negotiable ; an action thereon can be brought (in that State) only by the payee ; and the makers thereof are subject to the process of foreign attachment in suits brought by creditors of the payees. Statutes of Connecticut, (ed. of 1835,) Tit. 71. But all notes are assignable, and when assigned, the maker cannot be held as garnishee of the payee. *Fobs* v. *Brewster*, 1 Root, 234. *Enos* v. *Tuttle*, 3 Connect. 27. *Fitch* v. *Waite*, 5 Connect. 117. *Porter* v. *Seeley*, 13 Connect. 564.

The defendant was not required to appear in the original suit, in which he was summoned as garnishee, in order to defend himself, or protect the present plaintiff ; because by the law of Connecticut, all questions were open to him, on *scire facias*. Sts. of Connecticut, Tit. 38. And he paid on the execution at his own risk, and cannot avail himself of that payment, if he could have defended on *scire facias*.

Though the plaintiff could not maintain an action in his own name, as indorsee, in Connecticut, yet he may do so in this Commonwealth. 2 Mass. 86. 1 Root, 561. *Lodge* v. *Phelps*, 2 Caines Cas. in Er. 321. *S. C.* 1 Johns. Cas. 139. *Dunn* v. *Adams*, 1 Alab. 527. *Milne* v. *Graham*, 1 Barn. & Cres. 192.

*Child*, for the defendant. Though one who is summoned as garnishee, in Connecticut, is entitled to make all defences on *scire facias*, yet if he would be liable on *scire facias*, he may safely pay on the first execution. *Cutler* v. *Baker*, 2 Day, 498. In this case, the defendant must have been charged on *scire facias*, because by the law of Connecticut the maker of a

note not negotiable is held as garnishee of the payee, notwithstanding a previous assignment of the note, unless notice of such assignment is given him before the service of the process of foreign attachment. *Woodbridge* v. *Perkins*, 3 Day, 364. *Judah* v. *Judd*, 5 Day, 534. Dutton's Digest, 410. And as the note in question was given in Connecticut, where the parties thereto resided at the time, the law of that State is the law or this case. *Hull* v. *Blake*, 13 Mass. 153. As the defendant must prevail on these grounds, it is not necessary to inquire whether the plaintiff, if entitled to recover, could maintain an action in his own name, as indorsee. The authorities on this point are not uniform. See Story's Conflict of Laws, (2d ed.) §§ 565, 566.

SHAW, C. J. The law of Connecticut, we think, must govern this case. The note was made in Connecticut, both parties were at the time inhabitants of that State, and the contract was to be performed there. The note, by the law of this State, was negotiable ; but by the law of Connecticut, a note under $ 35 is not negotiable. It is evidence of debt only between the immediate parties, and like any other chose in action, it is assignable in equity ; but the assignee must take it subject to set-off, liability to attachment, and the other incidents, to which it would be subject, had it not been so assigned. So far as the law affects the remedy, the *lex fori*, the law of the place where that remedy is sought, must govern. But so far as the law of the construction, the legal operation and effect of the contract is concerned, it is governed by the law of the place where the contract is made. Applying this rule to the present case, we see no reason why the law of Massachusetts should not govern the case, so far as to enable a *bonâ fide* holder or assignee of the note to maintain an action in his own name, that being a point affecting the remedy only. But in ascertaining what right he has acquired by such note and by the indorsement and transfer of it, we must look to the law of Connecticut.

The defence is, that the debtor was summoned as the trustee of the promisor, in Connecticut, before he had notice of the indorsement under which the plaintiff claims, and by that means

the attaching creditor obtained an older and better title to the money ; and that the defendant, under that process, paid it over. In point of fact, and upon a comparison of dates, it appears that the note was first indorsed by the promisor and delivered to the first indorsee, under whom the plaintiff claims, and then the debtor was summoned in the trustee process, before he had notice of the indorsement.

By the law of Massachusetts, such an assignment, made in good faith, before an attachment by trustee process, though without notice to the debtor, would give the assignee a title preferable to that of the attaching creditor ; and such assignment, being seasonably made known to the trustee, and being disclosed by him in his answer, would entitle him to a discharge. But upon satisfactory examination and inquiry, the court are led to the conclusion that the law is otherwise in Connecticut ; that there the assignment takes effect only from the time of notice to the debtor, and that, as the attachment in this case preceded such notice, the attaching creditor obtained the better title, and the defendant was bound to pay the debt to him.

It was made a question whether the court in Connecticut had jurisdiction ; but we can perceive no ground for such a doubt. The court had jurisdiction of the person of the debtor, who was domiciled there ; they could compel payment of the debt, and therefore they had jurisdiction.

It was contended that the defendant cannot avail himself of this defence, because he did not refuse to pay on the first execution, wait for a *scire facias*, and set forth all the facts, and await the judgment of the court upon them.

If he had intended to avail himself of the judgment of the court of Connecticut, for his protection, as a conclusive bar, that undoubtedly would have been his proper course. But if now taking thē burden upon himself, he shows, that upon such a *scire facias* he must have been charged upon the facts, as they existed, and as he must have disclosed them, on that process, he shows that the attaching creditor there had an older and better title to the debt and sum of money due on the note, and that he rightfully paid it to him accordingly. This is a good bar to the

plaintiff's claim. The judgment in Connecticut is no further effective here, than to show the fact of an attachment by trustee process, and a judgment thereon, which the defendant could not resist, binding the debt, and requiring him to pay it.

*Plaintiff nonsuit*